McCALEB, Justice
 

 (dissenting).
 

 I subscribed to the original opinion herein, as I was of the view that the controverted language contained in Section 2 of Act No. 130 of 1847 was so ambiguous that it was impossible to ascertain therefrom the-true intention of the Legislature; that, under the circumstances, the court was compelled, ex necessitate rei, to rely upon the interpretations given to the statute by the officials (surveyors, assessors, etc.) having to-deal with it about the time the law took effect and that, by applying the contemporaneous construction of such officers, as. shown by their plats and maps, the case was. with the Parish of Iberville.
 

 Further consideration of the matter, however, has convinced me of the error of my former views. The portion of the statute-in dispute reads “ * * * thence through the middle thereof to the eastern branch of the bayou Alabama; thence following the
 
 *469
 
 said branch,
 
 including the inhabitants on both sides
 
 thereof, upwards to the township line between townships six and seven, or the southern boundary of the parish of Pointe Coupée; * * *(Italics mine.) Everyone is in agreement that the uncertainty resulting from the above quoted language is brought about by the parenthetical clause "including the inhabitants on both sides thereof”. Eliminating that clause, the pertinent language would read “thence following the said branch (eastern branch of Bayou Alabama) upwards to the township line between townships six and seven, or the southern boundary of the parish of Pointe Coupée.” Thus, it seems clear enough that the Legislature intended' (and expressed its intention) that the boundary line between Iberville and St. Martin Parishes should follow the eastern branch of Bayou Alabama upwards to the township line to the point where the bayou struck the southern boundary of Pointe Coupée Parish.
 

 However, since the parenthetical clause “including the inhabitants on both sides thereof” has been used and is directly connected with the otherwise clear provisions, it, too, must be read with the whole and its effect considered so that the entire provision can be given a meaning, if that is possible. Everyone concedes that the clause, as it appears in English, cannot make sense when applied to a boundary line. On the other hand, according to the translations of the French text of the statute, which have been made by Chief Justice O’Niell and Justice Fournet, the clause is shown to be merely descriptive of the area surrounding the eastern branch of Bayou Alabama, rather than to include plantations within one parish or the other, as found by the scholars who translated the French text into English for the author of the original opinion.
 

 I do not for a moment assert that the translations of the dissenting justices.are to be given more weight than the translation of the scholars, to whom the French text was referred, as I am not sufficiently versed in the French language to have an independent opinion. I assume that each translation is entitled to equal dignity. This being so, it now seems manifest to me that the translations of the dissenting justices should prevail for the reason that those translations of the parenthetical phrase blend and fit with the other language of the statute so as to make the entire provision clear and readily understandable. Conversely, the other translation of the clause, when read with the language with which it is associated, destroys the import of that language, rendering it unintelligible and incapable of interpretation.
 

 As a consequence, the court, in concluding in favor of the Parish of Iberville ot} the theory of contemporaneous construction, has been unable to fix the boundary following the eastern branch of Bayou Alabama “upwards to the township line between townships six and seven” and has substituted in its place and stead a boundary
 
 *470
 
 line based on ancient surveys, which are completely in discord with the provisions of the legislative act.
 

 I respectfully dissent.